IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**CONTRACT DATASCAN, LP**, §
§
Plaintiff, §
v. § Civil Action No. **3:11-CV-1079-L**
§
**REGIS CORPORATION**, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER

In accordance with the court's direction at the preliminary injunction hearing yesterday, the court will allow the parties to submit simultaneously a written summation, not to exceed ten pages, to be filed with the court no later than **Thursday, June 9, 2011, 5:00 p.m.**

The court now briefly addresses an issue raised at the end of the hearing yesterday. Defendant Regis Corporation contends that the state-issued temporary restraining order has already expired as a matter of law because of the fourteen-day period after which a temporary restraining order issued without notice automatically expires under Rule 65(b)(2) of the Federal Rules of Civil Procedure. The court disagrees.

Regis cites the 1988 Fifth Circuit case, *Nissho-Iwai American Corporation v. Kline*, for the proposition that a state court order must conform with federal procedural rules when the action is removed to federal court. 845 F.2d 1300, 1303-04 (5th Cir. 1988). Specifically, Regis argues that the notice requirement of Rule 65(b)(2) was not met when the state court granted the temporary restraining order because Regis was only informed of Datascan's petition two hours before the state court hearing. In other words, Regis argues that although it had "notice," it did not have "effective

**Memorandum Opinion and Order – Page 1**

notice." Regis ultimately contends that the state-issued temporary restraining order should be treated as *ex parte* and expire automatically after fourteen days from the date of issuance.*

The court determines that, although state court orders that are removed to federal court become "federalized" within the context of procedural requirements, this does not grant the federal court an automatic license to "unring the bell" as to what occurred in state court. The plain language of the controlling statute states that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect *until dissolved or modified by the district court.*" 28 U.S.C. § 1450 (emphasis added). Regis argues that, under federal procedure, it would have been entitled to at least five days' notice before the temporary restraining order hearing could have taken place; because it only had two hours' notice, Regis argues that the state court order violates federal procedure.

The court determines that, even if the state court issued the temporary restraining order without the same amount of notice that the *federal* court might have required, the court is in no position to second-guess the state court's determination. The representations made by the parties at the preliminary injunction hearing yesterday revealed that counsel for both Regis and Datascan was present during the state court hearing, and that Regis made strong arguments in opposition to the temporary restraining order. The state court judge heard, considered, and rejected these arguments before he made his ruling.

---

*The court notes that the relevant date for calculating the fourteen-day period starts at the date of removal to federal court, not the date the temporary restraining order was issued in state court. *See Kline*, 845 F.3d at 1304, n.2 (stating that the limitation period is calculated from the date of removal) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Track Drivers*, 415 U.S. 423, 439-41 (1974)). Because this case was removed on May 23, 2011, the temporary restraining order would have automatically expired on June 6, 2011, had it been issued without notice in the state court. *See* Fed. R. Civ. P. 65(b)(2).

**Memorandum Opinion and Order – Page 2**

As *Kline* aptly states:

> [T]he policy of judicial economy . . . mitigates against our imposing an obligation on the district courts to conduct a determination *de novo* of the propriety of state court [rulings] carried with the case upon removal to federal court, every time such an order is contested. The district court is perfectly free to adopt the state court record as the basis for sustaining a challenged state court order, as was done by the court below.

*Kline*, 845 F.2d at 1304. Because the state court issued the temporary restraining order with notice to Regis, and because the court adopts the state court's decision, the fourteen-day period under Rule 65, after which an *ex parte* temporary restraining order expires, does not apply. As that fourteen-day period is inapplicable in this case, the temporary restraining order has not lapsed, and the court determines that the statutory language of 28 U.S.C. § 1450 controls.

The court will issue its ruling on the matter of preliminary injunction by the close of business on **Wednesday, June 15, 2011**. As such, the court does not believe an additional week will cause Regis any undue legal prejudice in light of the importance of the issues and the rigid time constraints placed on the court.

The temporary restraining order issued by State District Judge Eric Moyé **remains** in effect until the court issues its ruling on the application for preliminary injunction. A copy of the temporary restraining order is attached to this order and is made a part of this order as if repeated herein verbatim. As stated above, the parties will be allowed to each file a written summation to present their final arguments, **not to exceed ten pages**, by **Thursday, June 9, 2011, 5:00 p.m.**

**It is so ordered** this 8th day of June, 2011.

Sam A. Lindsay
United States District Judge

CAUSE NO. DC-11-_06333_

| | | |
|---|---|---|
| CONTRACT DATASCAN, LP, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | **14th-A** JUDICIAL DISTRICT |
| | § | ____ |
| REGIS CORPORATION, | § | |
| | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION

On this day, the Court considered Plaintiff Contract Datascan, LP's application for temporary restraining order. After considering Plaintiff's application and the arguments of counsel, the Court finds that Defendant Regis Corporation appears to be using Plaintiff's Confidential Information (as defined below) without Plaintiff's authorization, that there is a substantial likelihood that Plaintiff will prevail on the merits of its claims, and that, unless Regis Corporation is immediately restrained from the following actions, Plaintiff will suffer immediate and irreparable harm from the loss of its confidential and proprietary information, for which there is no adequate remedy at law.

The following is referred to herein as the "Confidential Information":

> Datascan's software, inventory system, ~~philosophy~~, processes, ~~architecture~~, methodology, and any information or documents relating to same, including but not limited to: Datascan's training/user materials, DVD's, hand-held scanners, numeric ranges, menus, interfaces, software, hardware, stickers, shelf/fixture identification and set-up, scanning processes, uploading procedures, online processes, website, closing features, and reports derived therefrom.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant Regis Corporation (together with its franchisees, agents, employees, officers, directors, servants, representatives, subsidiaries, and all persons acting in concert and participating with them) is

immediately restrained and enjoined from disclosing, copying, making known, divulging, using, sharing, utilizing, selling, and/or disseminating any of Datascan's Confidential Information, and/or any data, information, or reports resulting or derived from Datascan's Confidential Information, including, but not limited to:

a. utilizing any data or information that has been created, modified, adapted, disassembled, translated, decompiled, or reversed engineered from Datascan's Confidential Information;

b. continuing to use any data or information that is derived from Datascan's Confidential Information (i.e., derivative works), or creating or assisting any others in creating any new derivative works; and

c. communicating with anyone regarding Datascan's Confidential Information, including but not limited to regarding a and b above.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Regis Corporation shall appear before the Honorable Judge of the 14th Civil District of Dallas County, Texas, on the 1st day of June, 2011 at 10:00 o'clock A.m. in the courtroom of 14th Civil District Court in Dallas County, Texas, and then and there show cause, if there be any, why a temporary injunction should not be issued as requested by Plaintiff. The Clerk of the Court is hereby directed to issue a show cause notice to Defendant Regis Corporation to appear at the temporary injunction hearing.

The Court hereby sets a temporary restraining order bond or cash in lieu of bond in the amount of $ 50,000 Fifty Thousand Dollars. Once the Plaintiff deposits into the court registry to bond or cash in lieu of bond, the Clerk of the Court shall issue a Temporary Restraining Order in conformity with the law and the terms of this Order.

SIGNED _____, 2011 at _____ P.m.

_____
JUDGE PRESIDING